The opinion of the court was delivered by
Watkins, J.
Originally, plaintiffs instituted an ordinary action against the defendants upon an ordinary commercial account, but subsequently supplemented it with an attachment, under which two plantations, properties of one of the defendants, situated in the parish of Rapides, with the growing crops of sugar cane, were seized; and also some other effects thereon, such as mules, etc.
There were three interventions filed by persons claiming the ownership of portions of the properties seized, but the only one with which *854 we are at present concerned is that of Clifton Cannon, who claims to be the owner of the crops as lessee of the plantations at date of seizure.
The claim of Cannon was sustained in the lower court and the plaintiffs have appealed.
Their defence to the intervention of Cannon is that he has no valid lease, and, if valid, it was not, at date of seizure under their writ of attachment, effective as to them because of the lease-contract not having been recorded as the law requires, so as to give notice to third persons.
We take it to be a well settled principle of our jurisprudence that an unrecorded lease of real estate has no effect as to third persons and seizing creditors.
This question was examined and decided by our immediate predecessors in Summers and Brannins vs. Clark, 30 An. 436, the court employing this language, viz.:
“As the lease was not recorded in the conveyance office, the question is not affected by the registry laws; but, as we have stated, the tenant, Boyd, holds under an unrecorded lease, and any payments of rents which he may have made by anticipation, to Clark, are without effect as against creditors, or subsequent purchasers of Clark.
“ Nor are these principles more inequitable when applied to a lessee than when applied to a purchaser oí immovables without registry, or movables without delivery. If a vendee in such a case can, by seizure, be deprived of possession and enjoyment under his purchase, why not a lessee? If, in such case, it is no defence that the vendee has paid the price, why is it that the lessee has paid the rent?”
In Anderson vs. Comeau, 33 An. 1119, this court reannounced that doctrine in even more emphatic language, thus:
“Articles 2264 and 2266 of the Revised Civil Code, providing sub - stantially that all sales, contracts, judgments and acts affecting or concerning immovable property not recorded according to law shall be utterly null and void, except between the parties, and without any effect as to third persons, apply to leases of real estate as to other contracts. The possession of immovables under such an unrecorded lease * * * is vested thereunder with no rights whatever, as against a seizing creditor.”
*855 In applying these principles to the facts of that ease, the court said:
“ It is sufficient to say that, at the time of seizure, the property was unaffected by any recorded lease, and quoad the seizing creditors stood, therefore, precisely as if it had not been leased at all." (Our italics.)
These principles were again announced and affirmed, in Cochran vs. Herbert, 41 An. 735, the court again employing similar language, to-wit:
li While it is true that the plaintiff did not hold possession * * under a lease from her husband, the judgment debtor of Herbert, but from Boyer, as his vendee, yet the effect of the non-registry of her lease from Boyer is of like character. We hold that such a contract unrecorded did not serve to put the creditor’s of Seiss upon notice of Boyer’s possession and control of the property to which he had a conveyance. Such a contract could not have the effect of forcing defendant to a direct action of nullity.”
On the faith of those three deliberate opinions, we can with confidence declare that an unrecorded lease of real estate can not defeat the right of an attaching creditor, though his claim is unsecured by either privilege or mortgage; and, consequently, the intervening lessee of the attached debtor can not successfully interpose his claims, as against the seizure.
Intervenor’s counsel, with exceptional ingenuity and assiduity, has collected quite a number of cases, on the authority of which they insist that our decision ought to be'in his favor. We have examined them all, and find the following to be a correct analysis of them.
Sandell vs. Douglass, 27 An. 628, involved the ownership of cotton that had been grown on the premises, and afterward severed from the soil and packed in bales. The facts of that case were that after the seizure of the property under the mortgage, the sheriff did not divest or disturb the plaintiff’s possession as lessee, and the creditor acquiesced in her rightful possession.
A like state of facts is presented in Richardson vs. Dinkgrave, 26 An. 632.
In neither case was there any question of registry of a lease involved.
Penn vs. Citizens Bank, 32 An. 196, involved no question of-lease, the plaintiff claiming damages of the bank in reimbursement of loss *856 sustained in a copartnership adventure with the mortgagee, which had been occasioned by a premature seizure.
Lewis vs. Klotz, 39 An. 259, is a case of injunction to prevent a purchaser of an interest at sheriff’s sale under a mortgage from taking possession of an entire plantation, the plaintiff’s claim being that he was lessee, and entitled to possession of two-thirds interest.
Of this contention the court said:
“ He had no more right to enter on the portion, or two-thirds interest of the plantation, under his purchase of the one-third, than a stranger would have had; and to this extent, and as'relates to such portion — unaffected by his seizure and judicial sale, as stated — his attitude and conduct can not be viewed otherwise than that of a trespasser.”
There was no question of the registry of a lease in that case.
In the case of Porchi vs. Baden, 28 An. 761, the lease was one under private signature and duly recorded.
The case of Bank vs. Ober, 44 An. 199, the facts were that the plaintiff claimed a proportionate share of rents in money that had been collected of tenants after date of seizure under a mortgage; the prop - erty having been cultivated by the sheriff subsequent to the seizure, who had leased the plantation to laborers and collected rents as the crops were harvested.
It was with reference to this state of facts that the court employed this language, viz.:
“When a seizure takes place during the pendency 'of a plantation lease for the entire year, payable in kind out of the crops when gathered, the seizure only covers the proportion of rents due for the unexpired term after its date.”
In that case it seemed to be conceded that the lessee’s right was destroyed by the seizure inasmuch as the sheriff was permitted to enter into peacable and undisturbed possession after making seizure, and lease the plantation to the laborers and collect the rent. And it also appears that there was no contest as to the lease antecedent to the seizure — there being no question about the registry of a lease.
The case of Thompson vs. Ratcliffe, 45 An., ante, p. 474, involved quite a similar state of facts.
All of those cases essentially differ from the instant case, and those quoted in its support.
*857 In this case there was taken, in the month of July, a plantation with the growing crops thereon, immature and attached to and forming part of it — the crops being immovable by destination of law. And the lessee, holding under an unrecorded lease, resists the seizure on the ground that he is owner. In such case his right as owner, while perfectly good and valid as to the attached debtor, is unavailing as to third persons and seizing creditors, without registry in the manner required by law for conveyances of real estate.
Entertaining this view of the law the judgment appealed from must be reversed. It is therefore ordered and decreed that the judgment appealed from be annulled and reversed, and it is further ordered and decreed that the demands of Cannon, intervenor, be rejected at his cost in both courts. And it is further ordered and decreed that the plaintiff’s and appellant’s attachment of the property claimed by the intervenor be and the same is hereby sustained and their privilege as attaching creditors thereon recognized and enforced.
Rehearing refused.